# CIRCUIT COURT OF LOUDOUN COUNTY

Amax Concrete Corp.

    v.

John Isom, Adm'r
of the Estate of
Marzena Tobias

          Case No. (Law) 9971

Allen Tobias, Adm'r
of the Estate of
Jo Ann Livingston Tobias

    v.

John Isom, Adm'r
of the Estate of
Marzena Tobias, et al.

          Case No. (Law) 10172

John Isom, Adm'r
of the Estate of
Marzena Tobias

    v.

Commonwealth of Virginia

          Case No. (Law) 10841

Lynvall Allen

v.

John Isom, Adm'r
of the Estate of
Marzena Tobias

Case No. (Law) 11016

February 5, 1990

By JUDGE JAMES H. CHAMBLIN

The above cases are before the Court on the motion of John Isom, Administrator of the Estate of Marzena Tobias, to consolidate all the cases and bifurcating the issues of liability and damages. After consideration of the written motion and the argument of counsel for all the parties on February 2, 1990, the motion is denied.

While at first impression the motion may seem proper in the interest of judicial economy, a more detailed analysis of what would be involved to try the issue of liability in all four cases at one time leads me to conclude that the disadvantages and possible prejudice to the parties weighs against consolidation and bifurcation.

Only two of the cases have already been set for trial (Law Nos. 9971 and 10712). Trial dates have not been requested in the other two, and in Law No. 10841 the Commonwealth has done little, if any, discovery. To consolidate and bifurcate would cause two cases to be continued when the plaintiffs want them tried as scheduled. If the cases were consolidated for trial, then it would be very complex to determine the role of each attorney and explain each attorney's role to a jury. Further, there is the outstanding issue of whether or not the plaintiff is even entitled

to a jury trial in Law No. 10841 under the Virginia Tort Claims Act.

The instructions would be complicated if the cases were consolidated. Additionally, there is the possible prejudice of wrongful death evidence being presented in the suits for personal injury and property damage. Finally, I feel that the issue of liability will be fairly tried in Law No. 9971, the first case set for trial on March 13, 1990. Decisions of counsel and the parties in the other cases can be made thereafter in light of the verdict in Law No. 9971. The other cases will be tried as scheduled already or as scheduled later in due course.